IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THORPE FAMILY TRUST, THORPE FARM, WADE KING, KINGS FARM, and KINGS GENERAL CONTRACTING, LLC,** : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> **DAVID KUHNS, Code Officer, in his official and unofficial capacity, and UPPER MAKEFIELD TOWNSHIP,** : <br> Defendants. : | CIVIL ACTION <br> No. 19-5932 |

**McHUGH, J.**                                                                                       **June 23, 2020**

## MEMORANDUM

This a *pro se* action brought by an individual plaintiff, Wade King, and a variety of entities with whom Mr. King appears to be affiliated. Defendants have moved to dismiss all of the Plaintiffs aside from Mr. King, on the ground that under 28 U.S.C. § 1654 they must be represented by counsel, and they have further moved that Mr. King be required to file a more definite statement of his claims. In response, Mr. King, purporting to act on behalf of all Plaintiffs, seeks appointment of counsel before being required to proceed further. Mr. King's Motion will be denied, and Defendants' Motions granted.

As to Mr. King's Motion, there is no right to counsel in a civil case. *Parham v. Johnson,* 126 F.3d 454 (3d Cir. 1997). *See also Turner v. Rogers,* 564 U.S. 431 (2011). Although this Court, like others, has programs seeking to recruit counsel in certain categories of cases, this matter is not eligible for any of those programs. In that regard, it should be noted that there are no funding sources available to federal courts to support

appointment of counsel in civil cases, and in any event it is not apparent why Mr. King cannot retain counsel, particularly when it appears that Mr. King seeks to assert rights on behalf of a trust and various business entities.  Mr. King's Motion will therefore be denied.

As to Thorpe Family Trust, Kings General Contracting, LLC, Thorpe Farm, and Kings Farm, I am persuaded that they must be represented by counsel.  Within the Third Circuit, analysis regarding non-individual parties and legal representation must begin with *Simbraw, Inc. v. United States*, 367 F.2d 373, 373-74 (3d Cir. 1966).  There, the Court of Appeals closely analyzed 28 U.S.C. § 1654 and concluded that corporations must be represented by attorneys.  *Id*.  Specifically, it held that a corporation may not be represented by its president in court but must instead retain counsel.  *Id*.; *see also Pennsylvania Business Bank v. Biz Bank Corp.*, 330 F. Supp. 2d 511, 513 n.1 (E.D. Pa. 2004) (holding that a corporation may not appear *pro se* and may not be represented by anyone other than licensed counsel); *In re Earle Indus.*, 67 B.R. 822, 823 (E.D. Pa. 1986) (denying without prejudice a motion filed by the defendant corporation's treasurer because he was not an attorney and, therefore, could not represent the corporation).  The same principle has been applied to organizations.  *MOVE Organization v. Dept. of Justice*, 555 F. Supp. 684, 692 (E.D. Pa. 1983) (Giles, C.J.) ("Because organizational personality is a legal fiction, appearance in propria persona is impossible.").  Other Circuits have also recognized the general rule and have extended it to limited liability companies, *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007), and to trusts, *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 347-48 (8th Cir. 1994).

The claims of all plaintiffs except Mr. King will therefore be dismissed without prejudice.

Finally, Defendants' Motion for a More Definite Statement will be granted. Although Mr. King is proceeding *pro se* and is entitled to some latitude, I agree that there are deficiencies in the Complaint that make it problematic for Defendants to respond. Defendants have also made a strong *prima facie* showing that this action must be closely scrutinized to determine whether Mr. King is seeking to re-litigate issues already adjudicated by my colleague Judge Rufe in *Thorpe v. Upper Makefield Township, et al*, No. 2:14-cv-6154**.** Specificity in pleading assumes greater significance in a case where there is a justifiable concern of duplicative actions.

An appropriate Order follows.

s/  Gerald Austin McHugh
United States District Judge
